MERRICK CHAPMAN, Respondent, *v.* THE UTICA AND BLACK RIVER RAILROAD COMPANY, Appellant.

ERASTUS CHAPMAN, Respondent, *v.* THE SAME, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

A railroad company is chargeable, under section 12 of the general railroad act (Laws of 1850, chap. 140), with services rendered to its contractors, when performed on a *quantum meruit*, as well as for a stipulated price.

The notice provided for by section 12 is in time, if served within twenty days after rendering the last day's service claimed.

It may be served on the chief engineer of the road; the section upon which the work is performed being, nevertheless, under the immediate charge of an assistant engineer.

THESE were appeals by the defendant from judgments in favor of the plaintiffs, rendered upon a new trial in the County Court of Lewis county, on appeals from a justice of the peace. The facts are sufficiently stated in the opinion of the court.

*Swan & Adams,* for the appellant, contended, among other things, substantially, that the plaintiffs agreed to complete the work taken under the original contracts, on the same terms and for the same price therein stipulated, and were not laborers, within the statute, where the term laborer is used in opposition to that of contractor; citing 37 Barb., 205–207; 24 N. Y., 482, 483; 6 Abb., N. S., 329, 334–336, 337; 1 Lans., 68.

Also, that the company were not charged with legal notice, the statute being passed in derogation of common-law rights, and its provisions to be strictly followed. They also insisted that there should, at least, be as much strictness required in respect to the notice to charge the company as is required for a notice to charge a surety or indorser.

*Cornelius E. Stephens*, for the respondents.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. The plaintiffs in these actions entered into a contract, as partners, with one Lewis, to do certain mason work on the defendant's road, between Lyon's Falls and Lowville, in the county of Lewis.

Phelps & Co. had a contract with the defendant for doing the work of grading and laying the railroad track between the places above mentioned. They entered into a sub-contract with Knox & Bush for doing the mason work on said road; and they (K. & B.) entered into a contract with Lewis for doing the mason work on a part of the distance embraced in the contract of Knox & Bush.

The agreement between plaintiffs and Lewis was made about the 1st of June, 1868. They commenced work under the contract, and continued to work thereunder through the month of June. Lewis failing to furnish stone for the work, they refused to work longer under the contract, and so informed Lewis. They also told Knox that they were not going to complete the work for Lewis. He told them to go on and do the work, and he would see them paid. They worked under this arrangement. Part of the work they were directed to do was not embraced within their contract with Lewis, either as to place of doing it or the kind of work done.

Merrick Chapman worked, in the months of July and August, twenty-six days, and Erastus Chapman, during the same months, worked twenty-four days; and their labor was worth $3.50 per day. It was for this labor these actions were brought.

, The notice that the plaintiffs would hold the defendant responsible for the value of plaintiffs' services was served on the chief engineer of the company, at the engineer's office in Lyon's Falls, on the 31st August, 1868. Parks was the chief engineer of the company, and had his office in Utica. Ward was an assistant engineer, and was in charge of that portion of the road on which the work was done, and occupied the office at Lyon's Falls.

On the trial the defendant moved for a nonsuit, on the grounds,

1st. Plaintiffs were not laborers, within the meaning of the statute.

2d. That plaintiffs were copartners, and entered into the contract with Lewis as such, and that the work claimed for was done under that contract, and not as laborers for Knox & Bush.

3d. It was not shown that the notice was served on Parks within twenty days.

4th. It was not served on the engineer, agent or superintendent of the defendant, as required by law.

The plaintiffs testified that they had refused to perform the contract with Lewis, and after such refusal they performed labor not covered by that contract.

The jury were justified in finding that the work was not done under the Lewis contract, but under and in pursuance of the bargain with Knox. A contract for a specific sum as wages for the day or month is not necessary to entitle the plaintiffs to recover of the defendant. An implied contract to pay what the labor is worth is sufficient.

The notice must be given within twenty days after the completion of the number of days' labor for which the pay is claimed. The last work was done by one of the plaintiffs on the 17th August, and by the other on the 19th August. The notice, being served on the 31st, was within twenty days after the expiration of the time claimed for.

The notice required by the statute may, I think, be served either on the chief engineer or on the assistant immediately

Montrose v. Wheeler.

in charge of the work. The chief engineer is in charge of the whole and of every part of the work; and no reason is perceived why all the objects designed to be secured by the notice are not fully attained by a service of notice on him.

The judgment and order refusing a new trial should be affirmed.

Judgment affirmed.